# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| HOI DANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-cv-70 |
| ) | (Phillips) |
| McMINN COUNTY, McMINN COUNTY ) | |
| SHERIFF DEPARTMENT, SHERIFF ) | |
| STEVE FRISBEE, and DEPUTY ) | |
| SHERIFF CALEB MARTIN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on the defendants' Motion to Stay Proceedings [Doc. 28]. Defendant Caleb Martin is a service member of the United States Army and has been called to active duty. [*Id.*]. Defendant Martin is presently in Iraq and does not believe he will return until December 2010. [*Id.*]

Trial of this case is scheduled for June 2, 2010. Defendants request that the court stay the proceedings until defendant Martin returns from active duty. Defendants request this stay pursuant to the Soldiers' and Sailors' Relief Act, 50 App. U.S.C. § 521. However, because this act only protects those who serve in active duty, all other defendants in this case must provide an independent basis for why this case should be stayed. In other words, defendants McMinn County, McMinn County Sheriff Department, and Sheriff Steve Frisbee cannot stay this case on the basis of the Soldiers' and Sailors' Relief Act. The court's analysis regarding that act is only relevant to the question of whether the action

1

should be stayed as it pertains to defendant Martin- the only active servicemen involved in this case.

**A.     Defendant Caleb Martin**

The Soldiers' and Sailors' Relief Act provides that an active soldier who is a defendant in a civil action shall be entitled to a stay of proceedings, unless the court determines that the ability of the defendant to conduct his defense would not be materially affected.  Ultimately, the court must decide whether defendant Martin's defense would be materially affected if a stay were not granted.

An application for a stay must include the following:

> (A)    A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B)    A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 App. U.S.C. § 522(b)(2)(A)-(B).  Defendant Martin did not provide information required under 50 App. U.S.C. § 522(b)(2)(B).  That is, defendant Martin did not provide a letter from his commanding officer stating that his current military duty would prevent him from appearing in court.

Despite defendant Martin's failure to comply with the requirements set forth in § 522(b)(2)(B), the court will not deny his motion on that basis.  After all, courts are instructed to apply the Soldiers' and Sailors' Relief Act liberally.  *Royster v. Lederle*, 128 F.3d 197 (6th Cir. 1942).  The purpose of the act is to protect the rights of those serving in the military, and courts should not deny motions for failing to comply with procedural technicalities.

2

The ultimate issue, of course, is whether defendant Martin's defense would be materially affected if a stay were not granted. Plaintiff has brought an action under 42 U.S.C. § 1983 against McMinn County, McMinn County Sheriff's Department, Sheriff Steve Frisbee, and Deputy Sheriff Caleb Martin. Plaintiff alleges that defendant Caleb Martin, while acting in his official capacity as deputy sheriff, conducted an unlawful search and seizure of plaintiff and his property. It is not clear from plaintiff's complaint [Doc. 26] whether he is suing defendant Martin in his individual or official capacity, or both.

Trial is scheduled to start on June 2, 2010. Defendant Martin will most likely be deployed in Iraq at this time. That in itself- the defendant's likely absence during trial- is enough to convince this court that his defense would be materially affected if this court did not stay the proceedings until his return from active duty.

Under 50 App. U.S.C. 525, a court may stay an action "for the period of military service and 90 days thereafter, or for any part of that period." **Accordingly, the court STAYS THE PROCEEDINGS as it pertains to defendant Caleb Martin until 90 days after he returns from active duty.**

**B.   Defendants McMinn County, McMinn County Sheriff Department, and Sheriff Steve Frisbee**

Defendants McMinn County, McMinn County Sheriff Department, and Sheriff Steve Frisbee request that the court stay the proceedings until such time as defendant Martin returns from active duty. However, these defendants cannot seek relief under the Soldiers' and Sailors' Relief Act. That act only applies to active servicemen. "The provisions of this Act were intended solely for the benefit of those in the armed services of the United States . . ." *Royster*, 128 F.3d at 199. Thus, these defendants must provide an independent basis

3

for why the proceedings should be stayed as it pertains to them.

In deciding whether to stay the proceedings, it is important to recognize the role that defendant Martin plays in this case. It is defendant Martin's alleged actions - stopping and then searching plaintiff's car with no probable cause- that led to this lawsuit. Defendant Martin's testimony concerning this incident is extremely important. It is reasonable to assume that defendant Martin would testify at trial concerning this issue, and that this would have a significant impact on the liability of the other defendants. As previously noted, trial is scheduled to start on June 2, 2010, and defendant Martin will most likely be deployed in Iraq at this time. Because defendant Martin's testimony concerning this issue will have a material effect on the liability of the other defendants, and because defendant Martin will most likely be deployed in Iraq at the start of the trial, the court **GRANTS** the defendants' motion [Doc. 28] and **STAYS THE PROCEEDINGS** as it pertains to the remaining defendants. **Pursuant to 50 App. U.S.C. 525, this case is stayed in its entirety until 90 days after defendant Martin returns from active duty.**

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge